**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**David Alfonso HERNANDEZ–HAROS,
Defendant—Appellant.**

**No. 06–10315.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

Jerry R. Albert, Esq., USTU–Office of the U.S. Attorney, Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff-Appellee.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard Madril, Esq., Tucson, AZ, for Defendant–Appellant.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

David Alfonso Hernandez–Haros appeals from the 87–month sentence imposed following his guilty-plea conviction for importation of cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 952(a), 960(a)(1), and 960(b)(1)(B)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hernandez–Haros contends that the district court erred by failing to apply a downward adjustment for being a minimal or minor participant pursuant to U.S.S.G. § 3B1.2. We disagree. Because the record reflects that Hernandez–Haros knowingly imported a substantial amount of drugs with the expectation of receiving an economic benefit, there was no clear error. *See United States v. Davis*, 36 F.3d 1424, 1436–37 (9th Cir.1994) (affirming denial of a role adjustment where defendant knew that he was carrying drugs and was prepared to accept an economic benefit); *United States v. Lui*, 941 F.2d 844, 849 (9th Cir.1991) (stating that "possession of a substantial amount of narcotics" is grounds for refusing to grant either a minor or minimal participant adjustment).

Hernandez–Haros also contends that, at sentencing, the district court erred in failing to take into consideration that he was subject to more severe conditions of im-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prisonment as a result of his status as a deportable alien. The record reflects, however, that the district court noted Hernandez–Haros' status as a deportable alien, and considered factors pursuant to 18 U.S.C. § 3553(a), such as the need for deterrence, and for the sentence to reflect the seriousness of the offense. We conclude that the sentence imposed by the district court was reasonable. *See United States v. Marcial–Santiago*, 447 F.3d 715, 719 (9th Cir.) (affirming where "[t]he district court gave thoughtful attention to factors recognized in § 3553(a) and exercised sound discretion to ensure that the punishment fit the crime and the circumstances of the appellants"), *cert. denied sub nom. Acosta–Franco v. United States*, —— U.S. ——, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.